UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROLAND PELLETIER, et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>BANGOR POLICE DEPARTMENT, )<br>et al., )<br>)<br>    Defendants )  | 1:22-cv-00342-JDL |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff Roland Pelletier, who is in custody at the Brevard County Jail in Seminole, Florida, seeks to recover for damages allegedly resulting from an encounter with members of the Bangor Police Department in August 2022.[1] (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed a motion to proceed without prepayment of fees and costs (ECF No. 8), which application the Court granted. (Order, ECF No. 9.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is

---

[1] The complaint also lists Steve Pelletier as a Plaintiff. Steve Pelletier did not sign the complaint. The law permits individuals who are not licensed to practice law to represent their own interests in federal court. 28 U.S.C. § 1654. An unlicensed individual, however, cannot represent other individuals in court. With few exceptions not applicable here, "[n]o person who is not a member in good standing of the bar of this Court shall appear or practice before this Court on behalf of another person …" D. Me. Local Rule 83.1(c); *see also Berrios v. New York City Hous. Auth.*, 564 F. 3d 130, 132-33 (2d. Cir. 2009) (explaining that 28 U.S.C. § 1654 does not permit unlicensed individuals to represent others in federal court); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (same). Plaintiff Roland Pelletier is not licensed to practice law in Maine and, therefore, cannot obtain relief on behalf of Steve Pelletier. Accordingly, the Court does not construe the complaint to assert a claim on behalf of Steve Pelletier.

appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

## FACTUAL ALLEGATIONS

Plaintiff alleges Bangor police officers approached him to ask questions about a trespass complaint.  According to Plaintiff, the officers then obtained information from him and subsequently arrested him in violation of his Fourth Amendment rights. Plaintiff maintains that he has suffered emotionally and physically as the result of the officers' actions.  He also contends the State of Maine is vicariously liable for the officers' actions.

## LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The Court's jurisdiction over Plaintiff's claims is based on 42 U.S.C. § 1983, which provides a civil action to any person deprived of a federal right by a state actor.  Pursuant to § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Plaintiff has joined the Bangor Police Department as a defendant.  A municipality may be liable to those subjected to the deprivation of a constitutional right by a municipal officer if the deprivation is shown to be the product of a municipal policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("We [hold] that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.")  Plaintiff has failed to allege a policy or custom that would support a claim against the City of Bangor or its police department.

Plaintiff has also joined the State of Maine as a defendant.  Plaintiff seeks to recover against the State on a theory of vicarious liability.  First, Plaintiff has not alleged an agency relationship between the State and the officers, who are alleged to be members of the Bangor Police Department.  Furthermore, the State of Maine is not a person subject to federal court jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, and the Eleventh Amendment bars the case from proceeding against the defendants in federal court.  *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009); *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003).

Plaintiff's claims against the individual officers also fail. Plaintiff alleges the officers unlawfully seized him and arrested him, but he offers no facts that would support the claims. To the contrary, Plaintiff suggests he was arrested based on warrants from Florida, where Plaintiff is currently in custody.  Plaintiff also referenced an unreasonable search, but he did not provide any details about the alleged search.  To the extent Plaintiff intended to allege that a search warrant was needed in addition to the out-of-state arrest warrants, the allegations are insufficient to draw an inference that Plaintiff had any reasonable expectation of privacy in the place of business where the officers found Plaintiff.

A complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). The Federal Rules of Civil Procedure "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff has not alleged an actionable claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.[2]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of January, 2023.

---

[2] If the Court adopts the recommendation, Plaintiff's motion to subpoena body camera footage (ECF No. 13) would be moot.