UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **ROLAND PELLETIER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   1:22-cv-00342-JDL |
| | ) |
| **BANGOR POLICE** | ) |
| **DEPARTMENT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**OMNIBUS ORDER ACCEPTING THE RECOMMENDED DECISIONS OF THE MAGISTRATE JUDGE AND *COK* WARNING**

Between September 16, 2022, and December 29, 2022, Plaintiff Roland Pelletier, proceeding pro se, filed eleven separate civil actions—including three Petitions for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2254 (West 2022)—in this Court against various Defendants.[1] The Complaint[2] (No. 1:22-cv-00342-JDL, ECF No. 1) addressed in this Order was filed on October 7, 2022. Pelletier is currently incarcerated at Brevard County Jail in Cocoa, Florida.

---

[1] *See* No. 1:22-cv-00297-JDL; No. 1:22-cv-00298-JDL; No. 1:22-cv-00342-JDL; No. 1:22-cv-00405-JDL; No. 1:22-cv-00422-JDL; No. 1:22-cv-00423-JDL; No. 1:22-cv-00417-JDL; No. 1:22-cv-00418-JDL; No. 1:22-cv-00419-JDL; No. 1:22-cv-00420-JDL; No. 1:22-cv-00421-JDL. The Court previously dismissed two of these actions on November 10, 2022 (No. 1:22-cv-00298-JDL, ECF No. 3), and January 3, 2023 (No. 1:22-cv-00297-JDL; ECF No. 9).

[2] Roland Pelletier also listed his brother, Steven Pelletier, as a co-plaintiff in this action. Steven Pelletier did not sign the Complaint. Moreover, Roland Pelletier is not licensed to practice law in Maine, and accordingly, he cannot obtain relief on behalf of another individual. *See* 28 U.S.C.A. § 1654 (West 2022); D. Me. Local Rule 83.1(c) ("No person who is not a member in good standing of the bar of this Court shall appear or practice before this Court on behalf of another person . . . ."). Thus, I treat Roland Pelletier as the only Plaintiff in this action.

United States Magistrate Judge John C. Nivison conducted a preliminary review of the habeas corpus petitions, *see* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (requiring initial review to determine whether the petition is facially valid), and issued Recommended Decisions on each. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). As to the other actions, Judge Nivison issued Recommended Decisions for each pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b)(1).[3]

In this action, Judge Nivison screened the Complaint pursuant to 28 U.S.C.A. § 1915(A)(a) (West 2022) and 28 U.S.C.A. § 1915(e)(2) (West 2022) and issued a Recommended Decision (No. 1:22-cv-00342-JDL, ECF No. 18) on January 31, 2023.

## I. THE RECOMMENDED DECISIONS

Judge Nivison recommends that this Court dismiss each of Pelletier's Complaints and Petitions for various reasons. Judge Nivison recommends dismissing two of the Complaints for Pelletier's failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction.[4] In three of the Complaints filed against out-of-state Defendants,[5] Judge Nivison recommends that the Court dismiss

---

[3] *See* No. 1:22-cv-00297-JDL, ECF No. 5; No. 1:22-cv-00298-JDL, ECF No. 2; No. 1:22-cv-00342-JDL, ECF No. 18; No. 1:22-cv-00405-JDL, ECF No. 2; No. 1:22-cv-00422-JDL, ECF No. 2; No. 1:22-cv-00423-JDL, ECF No. 2; No. 1:22-cv-00417-JDL, ECF No. 2; No. 1:22-cv-00418-JDL, ECF No. 3; No. 1:22-cv-00419-JDL, ECF No. 3; No. 1:22-cv-00420-JDL, ECF No. 3; No. 1:22-cv-00421-JDL, ECF No. 2.

[4] *See* No. 1:22-cv-00342-JDL, ECF No. 18; No. 1:22-cv-00405-JDL, ECF No. 2.

[5] *See* No. 1:22-cv-00418-JDL, ECF No. 1; No. 1:22-cv-00417-JDL, ECF No. 1; No. 1:22-cv-00421-JDL, ECF No 1.

the claims for improper venue, and further recommends that the Court decline to transfer the actions to the proper venue because of Pelletier's failure to state a claim. Judge Nivison also recommends that the Court dismiss two of the Complaints—also filed against out-of-state Defendants—solely for improper venue,[6] and that the Court decline to transfer one of the Complaints because "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[7]  No. 1:22-cv-00420-JDL, ECF No. 3 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

As to Pelletier's Petitions for a Writ of Habeas Corpus, which he brought against the State of Connecticut and Collier County, Florida,[8] Judge Nivison recommends that the Court dismiss them for lack of subject-matter jurisdiction, and further recommends that the Court deny certificates of appealability because Pelletier has not made a substantial showing of the denial of a constitutional right under 28 U.S.C.A. § 2253(c)(2) (West 2022).

In each of his Recommended Decisions, Judge Nivison provided notice that a party's failure to object would waive the right to *de novo* review and appeal.  The time within which to file objections has passed, and Pelletier has not filed any objections. The Court mailed Pelletier copies of the Recommended Decisions in all eleven actions, and the mail sent to Pelletier was returned to this Court as undeliverable or refused. At the Court's direction, the Clerk's Office confirmed that as of April 19, 2023,

---

[6] *See* No. 1:22-cv-00419-JDL, ECF No. 3; No. 1:22-cv-00420-JDL, ECF No. 3.

[7] *See* No. 1:22-cv-00420-JDL, ECF No. 3.

[8] *See* No. 1:22-cv-00422-JDL, ECF No. 1; No. 1:22-cv-00423-JDL, ECF No. 1.

Pelletier is still located at Brevard County Jail and that the Court's mailings have been sent to the proper address there.

Notwithstanding Pelletier's waiver of *de novo* review, I have reviewed and considered each Recommended Decision, together with the entire record in each pending action, and have made a *de novo* determination of all matters adjudicated by Judge Nivison. I concur with his recommendations for the reasons set forth in each Recommended Decision, and I determine that no further proceedings are necessary.

## II. CONCLUSION

It is therefore **ORDERED** that the Magistrate Judge's Recommended Decision (No. 1:22-cv-00342-JDL, ECF No. 18) is **ACCEPTED** and Pelletier's Complaint (No. 1:22-cv-00342-JDL, ECF No. 1) is **DISMISSED**. It is further **ORDERED** that Pelletier's Motion to Subpoena Body Camera Footage/Audio (No. 1:22-cv-00342-JDL, ECF No. 13) is **DISMISSED AS MOOT**.[9]

### *COK* WARNING

Pelletier filed eleven civil actions in under four months, seven of which he filed in one day. Pelletier did not allege actionable claims in any of the actions, and many of the actions were not filed in the proper venue. Although Pelletier is proceeding pro se, he may not submit "[g]roundless and inappropriate filings" to the Court. *D'Amario v. United States*, 251 F.R.D. 63, 64 (D. Me. 2008). "[F]rivolous filings waste judicial

---

[9] Pelletier's Motion to Extend Time for Initial Partial Payment (ECF No. 13) was denied (ECF No. 14) on December 29, 2022.

resources" and inhibit the resolution of substantial matters. *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 WL 2814627, at *1 (D. Me. July 2, 2019).

Considering Pelletier's repeated frivolous filings, the Court hereby issues a *Cok* warning: **Any further frivolous filings by Pelletier, in these dockets or in a new case, may result in an immediate order restricting his ability to file documents with the Court**. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-36 (1st Cir. 1993) (finding that "[f]ederal courts plainly possess discretionary powers to regulate the conduct of abusive litigants" provided that the restrictions imposed are "tailored to the specific circumstances presented"). Restrictions may include: requiring Pelletier to append an affidavit to future filings stating that the filings do not raise the same issues that this Court has previously dismissed, and a concise summary of the claim(s); requiring Pelletier to append an affidavit to future filings stating why venue is proper in this Court; limiting Pelletier's ability to file a new action without prior permission from the Court; and other restrictions, as the Court deems appropriate, to screen out frivolous filings.

**SO ORDERED.**

**Dated: May 3, 2023**

                                                        /s/ Jon D. Levy  
                                        **CHIEF U.S. DISTRICT JUDGE**